
FILED
Scott L. Poff, Clerk
United States District Court
By jburrell at 3:23 pm, Jan 10, 2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| BRENDEN PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CV418-268 |
| STATE OF GEORGIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Proceeding *pro se* and *in forma pauperis* (IFP), Brenden Perry has filed this civil rights case against the various individuals and entities he contends unlawfully incarcerated him. Doc. 1. His typewritten complaint alleges, among other things, that his *Miranda* rights were violated and his public defender was ineffective, and seeks five million dollars in damages. *Id.* at 1.

The federal courts have long made available to jails and prisons specific forms for filing habeas and civil rights cases. In *Williams v. Freesemann*, 2015 WL 6798946 at * 1 n. 4 (S.D. Ga. Oct. 15, 2015), this Court noted that some inmate-litigants bypass those forms in favor of

"home-brewed" filings. Adverse factors can motivate that effort. The Court's forms force inmates to answer questions aimed at capturing things like 28 U.S.C. § 1915(g) strikes and repeat (*e.g.*, successive writ) habeas filings. *See, e.g.*, *Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015) ("Bright's incentive to omit his prior case information is strong because of the § 1915(g) three-strike bar."). "Home-brewers" typically omit those prophylactic questions from their filings.

Accordingly, plaintiff must resubmit his complaint on this Court's form within thirty days of the date this Order is served. Plaintiff is therefore **ORDERED** to complete the attached **Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983**, which requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[1] **Failure to comply with**

---

[1] This Court's § 1983 complaint form, which is availed to all prisons and jails, *see* http://www.gasd.uscourts.gov/pdf/prisoner1983.pdf, compels inmates to disclose prior lawsuits. That data is necessary to enforce the "Three Strikes" rule illuminated in *Owens v. Morales*, 2015 WL 5040245 at * 1 (S.D. Ga. Aug. 25, 2015). *See Boney v. Hickey*, 2014 WL 4103918 at * 4-5 (S.D. Fla. Aug. 15, 2014) (collecting cases that

**this order within thirty days from the date this Order is served will result in a recommendation that this case be dismissed.**

**SO ORDERED**, this 10th day of January, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

discuss what constitutes a 28 U.S.C. § 1915(g) strike, three of which can lead to a substantial curtailment on an inmate's ability to proceed IFP).

Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, plaintiff must specifically describe *each* such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.